# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 11, 2023
Lyle W. Cayce
Clerk

Summary Calendar
No. 22-60481

_____

Arthur Doe; Brenda Doe; Carol Doe; Diana Doe; Elizabeth Doe,

*Plaintiffs—Appellees,*

*versus*

Lynn Fitch; Sean Tindell, *Commissioner of the Mississippi Department of Public Safety*; Megan Costilow, *Director of the Mississippi Sex Offender Registry*; Colonel Randy Ginn, *Director of the Mississippi Highway Patrol*; Lieutenant Colonel Charles Haynes, *Director of the Mississippi Bureau of Investigation*,

*Defendants—Appellants.*

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-789

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

___

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60481

Defendants Lynn Fitch, Attorney General for the State of Mississippi; Sean Tindell, the Commissioner of the Mississippi Department of Public Safety; Megan Costilow, Director of the Mississippi Sex Offender Registry; Colonel Randy Ginn, Director of the Mississippi Highway Patrol; Lieutenant Colonel Charles Haynes, Director of the Mississippi Bureau of Investigation, (collectively, "Defendants") appeal the district court's award of attorney's fees and costs to Plaintiffs' counsel, the Center for Constitutional Rights ("CCR"), who prevailed in a lawsuit challenging a Mississippi law requiring those convicted under the state's Unnatural Intercourse statute[1] to register as sex offenders. For the following reasons, we affirm the district court.

After attempting to negotiate with Mississippi officials, Pseudonymous Plaintiffs Arthur, Brenda, Carol, Diana, and Elizabeth Doe filed this lawsuit challenging Mississippi's sex offender registry law requiring sex offender registration for those convicted under the state's now-unconstitutional[2] Unnatural Intercourse Statute as facially unconstitutional under the Fourteenth Amendment's Due Process clause and as violative of the Fourteenth Amendment's Equal Protection clause based on Mississippi's allegedly discriminatory application of the statute in not requiring those with materially indistinguishable convictions to register as sex offenders. The parties settled after a companion case brought in Louisiana concluded that a similar state statute violated the Equal Protection Clause of the Fourteenth Amendment and required Louisiana to remove

---

[1] The Mississippi Supreme Court has interpreted the Unnatural Intercourse statute to criminalize oral and anal sex. *See, e.g., State v. Davis*, 79 So. 2d 452 (Miss. 1955); *State v. Mays*, 329 So. 2d 65 (Miss. 1976).

[2] Mississippi's Unnatural Intercourse Statute was rendered unconstitutional in the wake of *Lawrence v. Texas*, 539 U.S. 558 (2003), though Mississippi continues to enforce the statute through its sex offender registry laws.

No. 22-60481

those convicted under the statute from its sex offender registry. *See Doe v. Jindal*, 851 F. Supp. 2d 995 (E.D. La. 2012) (Feldman, J.).

After the district court approved the parties' settlement, which required Mississippi to remove twenty-eight individuals from its sex offender registry, and post-conviction relief in state court mooted the remaining plaintiff's claims, CCR moved for attorney's fees pursuant to 42 U.S.C. § 1988. After considering objections from Defendants, the district court reduced CCR's attorney's fees by fifteen percent to account for work on an unsuccessful motion for summary judgment[3] and any clerical work performed by attorneys. In awarding attorney's fees to Plaintiffs' counsel, the district court followed Circuit precedent requiring it to first calculate the lodestar amount by determining "the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers," "multiply[ing] the reasonable hours by the reasonable hourly rates," and then adjusting that "lodestar" amount using the factors outlined in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See Doe v. Fitch*, 2022 WL 4002326 (S.D. Miss. Aug. 1, 2022); *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324-29 (5th Cir. 1995).

---

[3] Plaintiffs moved for summary judgment a month after filing their complaint, which was denied based on Defendants' representation that they needed discovery. In reducing the award for CCR's work on the motion for summary judgment, the district court noted that "it was the State that pressed for costly and timely discovery while the plaintiffs' pushed for a speedy resolution." *Doe v. Fitch*, 2022 WL 4002326, at *8 (S.D. Miss. Aug. 1, 2022). Plaintiffs also moved for class certification, which the district court denied to allow for discovery, and "though the plaintiffs ultimately abandoned their claim for class certification, the [district court] credit[ed] their explanation that the settlement for the [] offenders [convicted under Louisiana's statute], reduced the putative class below the numerosity threshold." *Id.*

No. 22-60481

We review awards of attorney's fees "for abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo.*" *DeLeon v. Abbott*, 687 F. App'x 340, 342 (5th Cir. 2017) (internal citation removed). Where, as here, the district court provided a clear explanation for its reasons for the fee award, "[w]e cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) ("Due to the district court's superior knowledge of the facts and the desire to avoid appellate review of factual matters, the district court has broad discretion in setting the appropriate award of attorney['s] fees.").

On appeal, Defendants argue that: (1) Plaintiffs failed to present evidence of a need for out-of-state counsel; (2) Plaintiffs only achieved moderate success; (3) CCR should not be compensated for Plaintiffs' motions for summary judgment and class certification; and (4) the unsuccessful due process claim should have been separated from the equal protection claim, and fees reduced accordingly. The district court carefully addressed each of these arguments, found sufficient evidence[4] to support the use of out-of-state counsel and that the two claims were so interrelated that separating them would be impracticable. *See Fitch*, 2022 WL 4002326, at *4-*9. Still, the district court imposed an across-the-board reduction to

---

[4] For example, Cliff Johnson, an Assistant Professor of Law and Director of the Roderick and Solange MacArthur Justice Center at the University of Mississippi School of Law, submitted an affidavit in support of CCR's motion for attorney's fees averring that "I am not aware of any [Mississippi] firm that would have been willing to handle a complex pro bono matter for sex offenders. . . [m]any Mississippi lawyers would not represent sex offenders for personal reasons or because they are concerned about losing paying matters from clients or potential clients." *Fitch*, 2022 WL 4002326, at *4.

No. 22-60481

Plaintiffs' counsel's fees[5] to account for billing judgment, including Plaintiffs' failure to prevail on invalidating the statute. *Id.* at *8, 9 (imposing reduction to account for "lack of clarity as to whether fees were for clerical or legal work, the results achieved, and work spent on non-prevailing issues") (citing *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (reducing award sought by fifteen percent)). In awarding attorney's fees and costs to CCR, the district court explained its reasoning and applied the correct legal standard. Defendants have failed to overcome the deference we accord the district court and have cited no authority suggesting the district court abused its discretion. *Kellstrom*, 50 F.3d at 336 ("We shall not [] disturb a district court's decision regarding fees for cost recovery litigation absent an abuse of discretion.").

Finding no abuse of discretion, we AFFIRM the district court's award of attorney's fees to CCR.

---

[5] CCR had already reduced their requested attorney's fees by ten percent. *Fitch*, 2022 WL 4002326, at *6.